UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MOSES KOVALCHUK | § | |
| | § | |
| v. | § | CIVIL CASE NO. 4:20-CV-186-SDJ |
| | § | |
| WILMINGTON SAVINGS FUND | § | |
| SOCIETY, FSB, A TRUSTEE OF | § | |
| UPLAND MORTGAGE LOAN | § | |
| TRUST A | § | |

## MEMORANDUM ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 25, 2021, the Report of the Magistrate Judge, (Dkt. #27), was entered containing proposed findings of fact and recommendations that Defendant Wilmington Savings Fund Society, FSB, a Trustee of Upland Mortgage Loan Trust A's Motion for Judgment on the Pleadings, (Dkt. #17), be granted.[1] Having assessed the Report and considered Plaintiff Moses Kovalchuk's Objection, (Dkt. #28), and Wilmington's Response, (Dkt. #31), the Court determines that the Magistrate Judge's Report should be adopted.

## REPORT AND RECOMMENDATION

Kovalchuk asserted claims against Wilmington for negligence, violation of Section 51.022 of the Texas Property Code, breach of contract, wrongful foreclosure, quiet title, and attorney's fees. In her thorough Report, the Magistrate Judge

---

[1] Defendant will sometimes be referenced herein as "Wilmington."

recommended that the Court grant Wilmington's Motion for Judgment on the Pleadings and dismiss Kovalchuk's claims with prejudice. Kovalchuk does not object to any of the substantive legal or factual analyses in the Report supporting the Magistrate Judge's dismissal recommendation. Kovalchuk objects only to the recommendation that his request for leave to amend his complaint be denied. The Magistrate Judge concluded that Kovalchuk's request to amend his complaint should be denied because Kovalchuk declined to amend his complaint upon removal or the filing of the Motion for Judgment on the Pleadings, the deadline to amend has passed, and Kovalchuk failed to articulate any particular grounds for amendment. (Dkt. #28 at 24 n.16). Kovalchuk objects to this conclusion.

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3).

### I.   Rule 16(b)'s "Good Cause" Standard Applies to Kovalchuk's Amendment Request.

The only issue presented by Kovalchuk's Objection is whether he should be afforded an opportunity to amend his complaint. (Dkt. #28 at 1, 3). Kovalchuk argues that "there is no evidence that Defendant would be prejudiced" by permitting amendment, that a continuance could be granted to cure any prejudice, and that his response requesting leave if the Court determined dismissal appropriate was filed prior to the expiration of the deadline for amending pleadings. (Dkt. #28 at 2).

In response, Wilmington asserts that: (1) Kovalchuk had ample time to file an amended complaint after the Motion for Judgment on the Pleadings was filed; (2) Kovalchuk has failed to explain why amendment is important or would cure the deficiencies identified by the Magistrate Judge; (3) Wilmington would be prejudiced if Kovalchuk were permitted to amend; and (4) a continuance to cure any such prejudice would unnecessarily delay trial. (Dkt. #31 at 2–4).

Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). "While Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be 'freely' given, Rule 16(b)(4) limits modifications to a scheduling order to situations where good cause is shown." *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016). The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). A court considers the following four factors when determining if good cause has been shown: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Bias*, 816 F.3d at 328 (alterations in original) (quoting *S&W Enters.*, 315 F.3d at 536).

## II.   Kovalchuk's Failure to Submit a Proper Request To Amend His Complaint Is Fatal to His Objection, and He Also Fails to Meet the Good Cause Standard.

Kovalchuk's objection runs headlong into his own litigation decision not to amend his complaint when he was afforded an express invitation to do so and his related decision not to file, at any time, a motion for leave to amend. Kovalchuk was provided an express opportunity to amend his complaint when this case was removed to federal court. *See* (Dkt. #6). He elected not to do so. Kovalchuk also elected not to file an amended complaint in response to Wilmington's Motion for Judgment on the Pleadings. And Kovalchuk failed to file a motion for leave to amend before the deadline to amend pleadings had passed on August 28, 2020. *See* (Dkt. #12).

In the body of his response to Wilmington's motion, Kovalchuk makes a passing reference to the *potential* amendment of his complaint as follows, "Plaintiff would also request leave to amend any other cause of action which the Court determines should be dismissed." (Dkt. #22 at 8). It appears Kovalchuk attempts to rely on this single sentence as a proxy for the submission of a motion for leave to amend. Under either Rule 16(b), or the more liberal standard of Rule 15(a), "[a] formal motion [for leave to amend] is not always required, so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought." *U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). However, a "bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought," does not constitute a motion for leave to amend a complaint. *Id.* Because Kovalchuk failed to file

a motion for leave to amend his complaint and likewise failed to set forth with particularity, in any document, the grounds for the amendment, he has not properly presented his pleading-amendment request to the Court and his objection therefore fails at the outset.

Further, even if the Court overlooks Kovalchuk's failure to properly submit a motion for leave to amend, his request is substantively meritless because he does not meet the good cause standard. As to the first factor in determining good cause, Kovalchuk provides no explanation for his failure to timely seek leave to amend his complaint. In his objection to the Report, Kovalchuk only offers the following: "Plaintiff attempted to make a timely motion [to amend] and would have but for the fact that the Motion for Judgment was not ruled upon by the Court." *See* (Dkt. #28). But the fact that Wilmington's motion was pending before the Court presented no impediment to Kovalchuk seeking leave to amend his complaint. Kovalchuk's assertions otherwise blink reality.

The second factor as to the importance of the amendment also weighs against Kovalchuk's request because he provides no explanation as to why the intended amendments to his complaint are important. Kovalchuk's contention that his proposed amendments are "important to the scope of this case," (Dkt. #28), amounts to nothing more than a conclusory assertion bereft of any specific information describing *why* the amendments are "important." Likewise, Kovalchuk does not explain "what would be accomplished by further amendment" if the Court permitted

it. *See Molina-Aranda v. Black Magic Enterprises, L.L.C.*, 983 F.3d 779, 789 (5th Cir. 2020).

As to the third factor concerning prejudice, Kovalchuk asserts that allowing him to amend will not prejudice Wilmington "at this still relatively early stage" of the case. (Dkt. #28). But this case is not in its early stages. Under the Court's scheduling order discovery has ended, the dispositive motion deadline has passed, and trial is scheduled for May 2021. Allowing Kovalchuk to amend now would prejudice Wilmington as it would likely entail additional discovery and motion practice when the parties should be preparing for trial.

Finally, the fourth factor, which concerns the availability of a continuance to cure any prejudice, is also unfavorable to Kovalchuk. If the Court permits Kovalchuk to amend his complaint it will also have to allow Wilmington discovery related to any such amendments, thereby unnecessarily delaying trial in this case. Under the circumstances, the fourth factor weighs against Kovalchuk's request to amend his pleadings.

In sum, all four "good cause" factors weigh against Kovalchuk's requested amendment. For this additional reason, his objection is overruled.

## CONCLUSION

Having considered Plaintiff's Objection, (Dkt. #28), and Defendant's Response, (Dkt. #31), the Court adopts the Magistrate Judge's Report and Recommendation, (Dkt. #27), as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendant Wilmington Savings Fund Society, FSB, a Trustee of Upland Mortgage Loan Trust A's Motion for Judgment on the Pleadings, (Dkt. #17), is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**So ORDERED and SIGNED this 16th day of March, 2021.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE